COLUMBUS EXCHANGE TRUST COMPANY *vs.* MICHELE PENNACCHINI.

JULY 10, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of the case in assumpsit on a promissory note. After a trial in the superior court before a jury a verdict was returned in favor of the plaintiff. Thereafter the trial justice denied the defendant's motion for a new trial and the latter duly prosecuted his bill of exceptions to this court.

The instant case was begun by writ dated November 1, 1940. The note in suit, admittedly executed by the defendant, was dated July 5, 1934 and was payable one month thereafter. It was in renewal of previous notes made by the defendant, the principal of which had been reduced from time to time through payments made by him. Two defenses were set up, the first being the statute of limitations, and the second, a claim in setoff against the plaintiff.

To meet the defense of the statute of limitations the plaintiff relied on an alleged oral promise by the defendant to pay the note in question, which promise, according to the plaintiff's evidence, was made in the summer or early fall of 1935. The defendant denied making any new promise within six years prior to the starting of the present case. This issue was submitted by the trial justice to the jury, which found in the plaintiff's favor thereon. This finding was later approved by the trial justice when he denied the defendant's motion for a new trial. The other defense, namely, the claim in set-off was withdrawn from the consideration of the jury by the trial justice in his charge.

The defendant's bill of exceptions contains only three exceptions. The first is specifically waived by him. The second is to the sustaining by the trial justice of the plaintiff's objection to a question asked during the cross-examination of a witness for the plaintiff. The meaning of the question as framed is not entirely clear, and in addition the question does not appear to be relevant to the issues involved in the case. We find this exception to be without merit and it is overruled.

The defendant's third exception is to the portion of the charge above referred to wherein the plea in setoff, so called, was withdrawn by the trial justice from the jury's consideration. On this point it appears that in 1933, by reason of the banking crisis then existing, a conservator of the plaintiff trust company was duly appointed under the provisions of an act passed in that year, and now G. L. 1938, chap. 142. Under that act the appointment was made by the then bank commissioner on the petition of the plaintiff trust company. The act provided that such an appointment was to provide opportunity for a reorganization of the affairs of the financial institution involved. In *Vervena for an Opinion,* 54 R. I. 21, at page 27, this court stated: "The end sought by the statute is the conservation not the liquidation of banking institutions."

It is not necessary, in order to have such a conservator appointed, that any action be taken by a court of equity under its general or statutory powers; that such institution be adjudged insolvent or unable to meet its obligations as they mature; or that its dissolution be sought. Also, § 2 of said chapter 142 contains the following provision: "During the time that any such conservator remains in charge of the property and affairs of any such institution in accordance with the provisions of this chapter, the rights of creditors and all other parties in respect to bringing and prosecuting suits and proceedings against such institution and such conservator shall, except as otherwise provided in this chapter, be the same as if such conservator was a receiver of the

property and affairs of such institution duly appointed and qualified in and by appropriate judicial proceedings instituted therefor."

The evidence shows that in December 1933 certain persons, including the conservator, were interested in the reorganization or liquidation of the plaintiff trust company, and that they decided that a new national bank should be organized and take over certain of the plaintiff's assets. This action was to be taken, however, only on the understanding that a certain amount of new capital be raised. This was ultimately accomplished and the new bank was opened in February 1934.

In December 1933 the defendant had occasion to visit different parts of the state in connection with certain work which he was doing for a newspaper. He and the conservator both testified, in substance, that the latter personally asked the defendant to do what he could to interest in the new bank those with whom he came in contact and, if possible, obtain from them subscriptions to its capital stock at the price of $15 per share. The defendant agreed to do this and he did obtain some subscriptions, the exact number being apparently in dispute. The testimony of the conservator is that he, acting for himself, agreed to pay the defendant for such work at the rate of 20 cents for each share of stock subscribed through the defendant's efforts. The latter testified that no definite amount was agreed upon as his compensation for said work, but that he was to be paid a reasonable amount for his time and for the use of his automobile, and that he had never been paid anything for such work.

The defendant's plea in setoff was based on the above transaction between himself and the conservator. If the defendant had any such claim as was set out in that plea, it was not shown by any evidence to be against the plaintiff trust company, a corporate entity still qualified to function and suing in its own name. Whatever possible claim the defendant might have against any individuals by reason of their attempt to form a new national bank, his claim cer-

tainly could not properly be set off in the instant case against the plaintiff's claim on this note.

The defendant argues that his defense of the statute of limitations was prejudiced by the charge of the trial justice in withdrawing from the jury's consideration the plea in set-off. As we have found the charge to be correct, we fail to see how the defendant could properly be considered to have been prejudiced thereby. The defendant's third exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the verdict.

*Vincent P. Marcaccio, Jr., Anthony Grilli, Marcello A. Tropea,* for plaintiff.

*Philip M. Hak,* for defendant.